Mark D. Rowland (CSB # 157862)
mark.rowland@ropesgray.com
Gabrielle E. Higgins (CSB # 163179)
gabrielle.higgins@ropesgray.com
**ROPES & GRAY LLP**
1900 University Avenue, 6th Floor
East Palo Alto, California 94303-2284
(650) 617-4000
(650) 617-4090

*Attorneys for Defendants*
NXP SEMICONDUCTORS N.V.,
NXP B.V., & NXP
SEMICONDUCTORS USA, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| BROADCOM CORPORATION, | Case No. SACV13-829-MRP-MAN |
| Plaintiff, | |
| v. | **ANSWER, DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT** |
| NXP SEMICONDUCTORS N.V., NXP B.V., & NXP SEMICONDUCTORS USA, INC., | |
| Defendants. | |

Defendants NXP Semiconductors N.V., NXP B.V., and NXP Semiconductors USA, Inc. ("NXP"), hereby respond to the Complaint filed by Plaintiff Broadcom Corporation ("Broadcom") as follows:

## JURISDICTION AND VENUE

1. Admits that Broadcom has invoked 28 U.S.C. §§ 1331 and 1338(a) as the basis for subject matter jurisdiction in this Court, and that this Court does have subject matter jurisdiction over matters purporting to arise under the patent laws of the United States; and otherwise denies the allegations of paragraph 1 of the Complaint.

2. Admits that NXP is a global group of companies with common ownership; admits that NXP has operations in more than 25 countries; admits that Defendant NXP Semiconductors USA, Inc. has operations in the United States and California; and otherwise denies the allegations of paragraph 2 of the Complaint.

3. Admits that Defendant NXP Semiconductors USA, Inc. sells and imports integrated circuit products into the United States, including the products designated PN544, P5DF081, and PN65; objects to Broadcom's use of vague and ambiguous terms, such as "RF, analog, power management, interface, security, and digital processing markets," and denies the allegations of paragraph 3 to the extent they rely on the meaning of such vague and ambiguous terms; and otherwise denies the allegations of paragraph 3 of the Complaint.

4. NXP denies the allegations of paragraph 4 of the Complaint.

5. Admits that Defendant NXP Semiconductors USA, Inc. is a subsidiary of Defendant NXP B.V.; admits that Defendant NXP B.V. is a subsidiary of Defendant NXP Semiconductors N.V; and otherwise denies the allegations of paragraph 5 of the Complaint.

6. Admits that Defendant NXP Semiconductors USA, Inc. is registered to conduct business in California and has offices in San Jose, CA; and otherwise denies the allegations of paragraph 6 of the Complaint.

7. Denies the allegations of paragraph 7 of the Complaint.

8. Admits that Defendant NXP Semiconductors USA, Inc. has a sales team in the United States and California, including for one or more of the products designated PN544, P5DF081, and PN65; admits that third party distributors sell NXP-branded products in the United States and California, including for one or more of the products PN544, P5DF081, and PN65; and otherwise denies the allegations of paragraph 8 of the Complaint.

9. Admits that NXP Semiconductors USA, Inc. conducts business in the State of California; and otherwise denies the allegations of paragraph 9 of the Complaint.

10. Admits that Defendant NXP Semiconductors USA, Inc. has imported and sold in the United States one or more of the products designated PN544, P5DF081, and PN65; and otherwise denies the allegations of paragraph 10 of the Complaint.

11. Denies the allegations of paragraph 11 of the Complaint.

12. Admits that NXP Semiconductors USA, Inc. conducts business in the State of California; and otherwise denies the allegations of paragraph 12 of the Complaint.

13. Admits that the Complaint purports that venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b), but states that for the convenience of the parties and witnesses, and in the interest of justice, transfer of this case to another district may be appropriate pursuant to 28 U.S.C. § 1404(a); admits that NXP Semiconductors USA, Inc. is subject to personal jurisdiction for purposes of this action; denies that NXP Semiconductors N.V. and NXP B.V. are subject to personal jurisdiction in

the Central District of California; and otherwise denies the allegations of paragraph 13 of the Complaint.

## THE PARTIES

14. NXP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, and therefore denies them.

15. Admitted.

16. Admitted.

## FACTUAL ALLEGATIONS

17. Denies the allegations of paragraph 17 of the Complaint.

18. Admits that United States Patent No. 7,355,485 ("the '485 patent") states, on its face, that it issued April 8, 2008, that it is titled "Apparatus and Method for Phase Lock Loop Gain Control Using Unit Current Sources," and that the assignee is Broadcom Corporation, but is without knowledge or information sufficient to form a belief as to the truth of such allegations; admits that a copy of this patent was attached to the Complaint; and otherwise denies the allegations of paragraph 18 of the Complaint.

19. Admits that United States Patent No. 7,400,722 ("the '722 patent") states, on its face, that it issued July 15, 2008, that it is titled "Methods and Apparatus for Performing Hash Operations in a Cryptography Accelerator," and that the assignee is Broadcom Corporation, but is without knowledge or information sufficient to form a belief as to the truth of such allegations; admits that a copy of this patent was attached to the Complaint; and otherwise denies the allegations of paragraph 19 of the Complaint.

20. Admits that United States Patent No. 7,656,643 ("the '643 patent") states, on its face, that it issued February 2, 2010, that it is titled "Scalable Integrated Circuit High Density Capacitors," and that the assignee is Broadcom Corporation,

but is without knowledge or information sufficient to form a belief as to the truth of such allegations; admits that a copy of this patent was attached to the Complaint; and otherwise denies the allegations of paragraph 20 of the Complaint.

21. Admits that United States Patent No. 8,315,381 ("the '381 patent") states, on its face, that it issued November 20, 2012, that it is titled "Methods and Apparatus Performing Hash Operations in a Cryptography Accelerator," and that the assignee is Broadcom Corporation, but is without knowledge or information sufficient to form a belief as to the truth of such allegations; admits that a copy of this patent was attached to the Complaint; and otherwise denies the allegations of paragraph 21 of the Complaint.

22. Admits that United States Patent No. 8,333,317 ("the '317 patent") states, on its face, that it issued December 18, 2012, that it is titled "System and Method for Authenticating the Proximity of a Wireless Token to a Computing Device," and that the assignee is Broadcom Corporation, but is without knowledge or information sufficient to form a belief as to the truth of such allegations; admits that a copy of this patent was attached to the Complaint; and otherwise denies the allegations of paragraph 22 of the Complaint.

23. NXP is without knowledge or information to admit or deny the allegations of paragraph 23, and therefore denies them.

24. Denies the allegations of paragraph 24 of the Complaint.

25. Admits that copies of the Patents in Suit were attached to the Complaint, and that NXP received a copy of the Complaint after it was filed; and otherwise denies the allegations of paragraph 25 of the Complaint.

26. Admits that Defendant NXP Semiconductors USA, Inc. has offered for sale and sold products designated PN544, P5DF081, and PN65; objects to Broadcom's use of vague and ambiguous terms, such as "similar circuitry" and "similar features or functionality," and denies the allegations of paragraph 26 to

the extent they rely on the meaning of such vague and ambiguous terms; and otherwise denies the allegations of paragraph 26 of the Complaint.

27. Admits that NXP-branded semiconductor integrated circuit products are integrated into devices made, used, and sold by original equipment manufacturers ("OEMs"), distributors, and/or other third parties; and otherwise denies the allegations of paragraph 27 of the Complaint.

28. Denies the allegations of paragraph 28 of the Complaint.

29. Denies the allegations of paragraph 29 of the Complaint.

30. Denies the allegations of paragraph 30 of the Complaint.

31. Denies the allegations of paragraph 31 of the Complaint.

## COUNT ONE

32. NXP incorporates and re-alleges its responses, above, to the allegations set forth in paragraphs 1-31 of the Complaint as if fully set forth herein.

33. Denies the allegations of paragraph 33 of the Complaint.

34. Admits that a copy of the '485 Patent was attached to the Complaint, and that NXP received a copy of the Complaint after it was filed; and otherwise denies the allegations of paragraph 34 of the Complaint.

35. Denies the allegations of paragraph 35 of the Complaint.

36. Admits Defendant NXP Semiconductors USA, Inc. has sold a product designated PN544 in the United States; and otherwise denies the allegations of paragraph 36 of the Complaint.

37. Denies the allegations of paragraph 37 of the Complaint.

38. Denies the allegations of paragraph 38 of the Complaint.

39. Denies the allegations of paragraph 39 of the Complaint.

40. Denies the allegations of paragraph 40 of the Complaint.

## COUNT TWO

41. NXP incorporates and re-alleges its responses, above, to the allegations set forth in paragraphs 1-40 of the Complaint as if fully set forth herein.

42. Denies the allegations of paragraph 42 of the Complaint.

43. Admits that a copy of the '722 Patent was attached to the Complaint, and that NXP received a copy of the Complaint after it was filed; and otherwise denies the allegations of paragraph 43 of the Complaint.

44. Denies the allegations of paragraph 44 of the Complaint.

45. Admits that Defendant NXP Semiconductors USA, Inc. has sold a product designated P5DF081 in the United States; and otherwise denies the allegations of paragraph 45 of the Complaint.

46. Denies the allegations of paragraph 46 of the Complaint.

47. Denies the allegations of paragraph 47 of the Complaint.

48. Denies the allegations of paragraph 48 of the Complaint.

## COUNT THREE

49. NXP incorporates and re-alleges its responses, above, to the allegations set forth in paragraphs 1-48 of the Complaint as if fully set forth herein.

50. Denies the allegations of paragraph 50 of the Complaint.

51. Admits that a copy of the '643 Patent was attached to the Complaint, and that NXP received a copy of the Complaint after it was filed; and otherwise denies the allegations of paragraph 51 of the Complaint.

52. Denies the allegations of paragraph 52 of the Complaint.

53. Admits Defendant NXP Semiconductors USA, Inc. has sold a product designated PN544 in the United States; and otherwise denies the allegations of paragraph 53 of the Complaint.

54. Denies the allegations of paragraph 54 of the Complaint.

55. Denies the allegations of paragraph 55 of the Complaint.

56. Denies the allegations of paragraph 56 of the Complaint.

57. Denies the allegations of paragraph 57 of the Complaint.

## COUNT FOUR

58. NXP incorporates and re-alleges its responses, above, to the allegations set forth in paragraphs 1-57 of the Complaint as if fully set forth herein.

59. Denies the allegations of paragraph 59 of the Complaint.

60. Admits that a copy of the '381 Patent was attached to the Complaint, and that NXP received a copy of the Complaint after it was filed; and otherwise denies the allegations of paragraph 60 of the Complaint.

61. Denies the allegations of paragraph 61 of the Complaint.

62. Admits that Defendant NXP Semiconductors USA, Inc. has sold a product designated P5DF081 in the United States; and otherwise denies the allegations of paragraph 62 of the Complaint.

63. Denies the allegations of paragraph 63 of the Complaint.

64. Denies the allegations of paragraph 64 of the Complaint.

65. Denies the allegations of paragraph 65 of the Complaint.

## COUNT FIVE

66. NXP incorporates and re-alleges its responses, above, to the allegations set forth in paragraphs 1-65 of the Complaint as if fully set forth herein.

67. Denies the allegations of paragraph 67 of the Complaint.

68. Admits that a copy of the '317 Patent was attached to the Complaint, and that NXP received a copy of the Complaint after it was filed; and otherwise denies the allegations of paragraph 68 of the Complaint.

69. Denies the allegations of paragraph 69 of the Complaint.

70. Admits that Defendant NXP Semiconductors USA, Inc. has sold a product designated PN65 in the United States; and otherwise denies the allegations of paragraph 70 of the Complaint.

71. Denies the allegations of paragraph 71 of the Complaint.
72. Denies the allegations of paragraph 72 of the Complaint.
73. Denies the allegations of paragraph 73 of the Complaint.

### DAMAGES

74. Denies the allegations of paragraph 74 of the Complaint.

### INJUNCTION

75. Denies the allegations of paragraph 75 of the Complaint.

### DEFENSE OF LACK OF PERSONAL JURISDICTION

76. NXP Semiconductors N.V. and NXP B.V. are not subject to this Court's specific or general personal jurisdiction pursuant to due process and/or the California Long Arm Statute.

### FIRST AFFIRMATIVE DEFENSE
#### Non-infringement

77. NXP has not infringed and is not infringing any valid and enforceable claim of the '485, '722, '643, '381 or '317 patents either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
#### Invalidity

78. The '485, '722, '643, '381 and '317 patents, and each claim thereof, are invalid for failing to satisfy one or more requirements of the Patents Act, 35 U.S.C. § 1, *et seq.*, including but not limited to the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
#### Injunctive Relief

79. Broadcom is not entitled to injunctive relief as a matter of law or equity.

## FOURTH AFFIRMATIVE DEFENSE
### Prosecution History Estoppel

80. By virtue of statements or amendment made, or positions taken during the prosecution of the '485, '722, '643, '381 and '317 patents and their respective applications, Broadcom is estopped from construing any allegedly infringed claim of the patents to cover or include, either literally or by application of the doctrine of equivalents, any NXP-branded product or any method performed by NXP.

## FIFTH AFFIRMATIVE DEFENSE
### Limitation on Damages

81. Broadcom's claim for damages is limited by 35 U.S.C. §§ 286, 287, and/or 288.

## SIXTH AFFIRMATIVE DEFENSE
### Failure to State a Claim

82. Broadcom's Complaint fails to state a claim upon which relief may be granted.

## SEVENTH AFFIRMATIVE DEFENSE
### Equitable Defenses

83. Broadcom's claims for relief are barred, in whole or in part, by the equitable doctrines of laches, waiver, acquiescence, ratification, and/or estoppel.

## RESERVATION OF RIGHT TO ASSERT OTHER DEFENSES

84. NXP expressly reserves the right to later assert and pursue further defenses in this action.

## COUNTERCLAIMS

Without admitting any of the allegations in Broadcom's Complaint, except those expressly admitted herein, and without prejudice to NXP's rights to later

plead additional counterclaims as the facts may warrant, NXP hereby asserts the following counterclaims against Broadcom:

## PARTIES

1. Counter-plaintiff NXP Semiconductors N.V. is a corporation organized and existing under the laws of the Netherlands, with its principal place of business located at High Tech Campus 60, 5656 AG, Eindhoven, the Netherlands.

2. Counter-plaintiff NXP B.V. is a corporation organized and existing under the laws of the Netherlands, with its principal place of business located at High Tech Campus 60, 5656 AG, Eindhoven, the Netherlands.

3. Counter-plaintiff NXP Semiconductors USA, Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 411 East Plumeria Drive, San Jose, CA. 95134.

4. On information and belief, Counter-defendant Broadcom Corporation is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 5300 California Avenue, Irvine, California, 92617.

## JURISDICTION AND VENUE

5. These counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. §§ 100, *et seq.*

6. This Court has subject matter jurisdiction over NXP's Counterclaims under 28 U.S.C. §§ 1331, 1338, and 2201.

7. This Court has personal jurisdiction over Counter-defendant Broadcom because Broadcom has submitted to the jurisdiction of this Court. This Court further has jurisdiction over Counter-defendant because Broadcom is a company that is organized under the laws of the State of California, because Broadcom does

business in this district, and/or because Broadcom has purposefully availed itself of the privileges and benefits of the laws of the State of California.

8. Venue is proper in this Court only to the extent it is proper for Broadcom's claims against NXP. NXP, however, believes that, for the convenience of the parties and witnesses, and in the interest of justice, transfer of this case (including Broadcom's claims and NXP's counterclaims) to another district may be appropriate pursuant to 28 U.S.C. § 1404(a).

9. On information and belief, the PTO issued the '485 patent on April 8, 2008. On information and belief, the PTO issued the '722 patent on July 15, 2008. On information and belief, the PTO issued the '643 patent on February 2, 2010. On information and belief, the PTO issued the '381 patent on November 20, 2012. On information and belief, the PTO issued the '317 patent on December 18, 2012. Broadcom has asserted that NXP infringes at least one claim of the '485, '722, '643, '381 and '317 patents. NXP asserts that the '485, '722, '643, '381 and '317 patents are not infringed, and further asserts that the patents are invalid. Pursuant to 28 U.S.C. § 2201, an actual and justiciable case or controversy has arisen between NXP and Broadcom.

## FIRST COUNTERCLAIM

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,355,485**

10. NXP repeats and re-alleges the allegations contained in paragraphs 1-84 of its Answer, and in paragraphs 1-9 of these Counterclaims, as if fully set forth herein.

11. NXP has not infringed, directly or indirectly, any valid claim of the '485 patent, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,400,722**

12. NXP repeats and re-alleges the allegations contained in paragraphs 1-84 of its Answer, and in paragraphs 1-11 of these Counterclaims, as if fully set forth herein.

13. NXP has not infringed, directly or indirectly, any valid claim of the '722 patent, either literally or under the doctrine of equivalents.

## THIRD COUNTERCLAIM

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,656,643**

14. NXP repeats and re-alleges the allegations contained in paragraphs 1-84 of its Answer, and in paragraphs 1-13 of these Counterclaims, as if fully set forth herein.

15. NXP has not infringed, directly or indirectly, any valid claim of the '643 patent, either literally or under the doctrine of equivalents.

## FOURTH COUNTERCLAIM

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,315,381**

16. NXP repeats and re-alleges the allegations contained in paragraphs 1-84 of its Answer, and in paragraphs 1-15 of these Counterclaims, as if fully set forth herein.

17. NXP has not infringed, directly or indirectly, any valid claim of the '381 patent, either literally or under the doctrine of equivalents.

## FIFTH COUNTERCLAIM

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,333,317**

18. NXP repeats and re-alleges the allegations contained in paragraphs 1-84 of its Answer, and in paragraphs 1-17 of these Counterclaims, as if fully set forth herein.

19. NXP has not infringed, directly or indirectly, any valid claim of the '317 patent, either literally or under the doctrine of equivalents.

## SIXTH COUNTERCLAIM

**Declaratory Judgment of Invalidity of U.S. Patent No. 7,355,485**

20. NXP repeats and re-alleges the allegations contained in paragraphs 1-84 of its Answer, and in paragraphs 1-19 of these Counterclaims, as if fully set forth herein.

21. Each of the claims of the '485 patent are invalid for failure to comply with the conditions for patentability of, *inter alia* 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SEVENTH COUNTERCLAIM

**Declaratory Judgment of Invalidity of U.S. Patent No. 7,400,722**

22. NXP repeats and re-alleges the allegations contained in paragraphs 1-84 of its Answer, and in paragraphs 1-21 of these Counterclaims, as if fully set forth herein.

23. Each of the claims of the '722 patent are invalid for failure to comply with the conditions for patentability of, *inter alia* 35 U.S.C. §§ 101, 102, 103, and/or 112.

## EIGTH COUNTERCLAIM

**Declaratory Judgment of Invalidity of U.S. Patent No. 7,656,643**

24. NXP repeats and re-alleges the allegations contained in paragraphs 1-84 of its Answer, and in paragraphs 1-23 of these Counterclaims, as if fully set forth herein.

25. Each of the claims of the '643 patent are invalid for failure to comply with the conditions for patentability of, *inter alia* 35 U.S.C. §§ 101, 102, 103, and/or 112.

## NINTH COUNTERCLAIM

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,315,381

26. NXP repeats and re-alleges the allegations contained in paragraphs 1-84 of its Answer, and in paragraphs 1-25 of these Counterclaims, as if fully set forth herein.

27. Each of the claims of the '381 patent are invalid for failure to comply with the conditions for patentability of, *inter alia* 35 U.S.C. §§ 101, 102, 103, and/or 112.

## TENTH COUNTERCLAIM

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,333,317

28. NXP repeats and re-alleges the allegations contained in paragraphs 1-84 of its Answer, and in paragraphs 1-27 of these Counterclaims, as if fully set forth herein.

29. Each of the claims of the '317 patent are invalid for failure to comply with the conditions for patentability of, *inter alia* 35 U.S.C. §§ 101, 102, 103, and/or 112.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Complaint, NXP prays for entry of judgment:

A. Dismissing Broadcom's Complaint with prejudice;

B. Adjudging the '485 patent is not, and has not been infringed by NXP;

C. Adjudging the '722 patent is not, and has not been infringed by NXP;

D. Adjudging the '643 patent is not, and has not been infringed by NXP;

E. Adjudging the '381 patent is not, and has not been infringed by NXP;

F. Adjudging the '317 patent is not, and has not been infringed by NXP;

G. Adjudging the '485 patent is invalid;

H. Adjudging the '722 patent is invalid;

I. Adjudging the '643 patent is invalid;

J. Adjudging the '381 patent is invalid;

K. Adjudging the '317 patent is invalid;

L. Permanently enjoining Broadcom, its officers, employees, agents, and those in privity with any of them from directly or indirectly charging or instituting any action for infringement of the '485, '722, '643, '381 and '317 patents against NXP or any other person or entity in privity with NXP, including without limitation NXP's successors, assigns, agents, suppliers, and customers;

M. Declaring that this case is exceptional and awarding NXP its attorneys' fees and costs under 35 U.S.C. § 285 and any other damages as may be proved;

N. Awarding NXP its costs and disbursements, including pre-judgment and post-judgment interest, incurred in this action; and

O. Awarding to NXP such other and further relief as this Court deems just and proper.

August 13, 2013

By  /s/ Mark D. Rowland

Mark D. Rowland
mark.rowland@ropesgray.com
Gabrielle E. Higgins
gabrielle.higgins@ropesgray.com
ROPES & GRAY LLP

*Attorneys for Defendants*
NXP SEMICONDUCTORS N.V., NXP B.V., & NXP SEMICONDUCTORS USA, INC.

## DEMAND FOR JURY TRIAL

NXP demands a trial by jury on all issues triable of right by a jury.

August 13, 2013

By  /s/ Mark D. Rowland

Mark D. Rowland
mark.rowland@ropesgray.com
Gabrielle E. Higgins
gabrielle.higgins@ropesgray.com
ROPES & GRAY LLP

*Attorneys for Defendants*
NXP SEMICONDUCTORS N.V.,
NXP B.V., & NXP
SEMICONDUCTORS USA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2013, I caused **ANSWER, DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT** to be served on counsel for Broadcom Corporation via mail, with courtesy copy via email, as follows:

Andrea Weiss Jeffries
andrea.jeffries@wilmerhale.com
**WILMER CUTLER PICKERING HALE & DORR LLP**
350 S. Grand Ave.,
Suite 2100
Los Angeles, CA 90071
Tel: (213) 443 5300

William F. Lee
william.lee@wilmerhale.com
Dominic E. Massa
dominic.massa@wilmerhale.com
Jonathan W. Andron
jonathan.andron@wilmerhale.com
Michael A. Diener
michael.diener@wilmerhale.com
**WILMER CUTLER PICKERING HALE & DORR LLP**
60 State Street
Boston, MA 02109
Tel: (617) 526 6000

/s/ *Mark D. Rowland*
Mark D. Rowland

CERTIFICATE OF SERVICE - ANSWER, DEFENSES, AND COUNTERCLAIMS
TO COMPLAINT FOR PATENT INFRINGEMENT
Case No. SACV13-829-MRP-MAN