UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:13-cv-00829-MRP(MANx) | Date | August 15, 2013 |
|---|---|---|---|
| Title | Broadcom Corp. v. NXP Semiconductors NV, et al. | | |

| Present: The Honorable | **MARIANA R. PFAELZER** | |
|---|---|---|
| Isabel V. Martinez | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** In Chambers

STANDING ORDER

1. Pursuant to Fed. R. Civ. P. 16(b), an Initial Case Management Conference is set in this matter for **Thursday, September 19, 2013**, at **1:30 P.M.** The parties are reminded of their obligations to disclose information, confer on a discovery plan, and report to the Court, as required by Fed. R. Civ. P. 26 and the Local Rules of this Court. Trial counsel are ORDERED to be present.

2. When the parties confer pursuant to Fed. R. Civ. P. 26, the parties shall additionally discuss and address in the Case Management Statement filed pursuant to Fed. R. Civ. P. 26 and the Local Rules of this Court:
    (A) the scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the Court;
    (B) the format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing;
    (C) how the parties intend to educate the Court on the technology at issue; and
    (D) how the parties intend to manage Summary Judgment motions following the Claim Construction Hearing.

3. Not later than 14 days after the Initial Case Management Conference, a party claiming patent infringement shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:
    (A) each claim of each patent in suit that is allegedly infringed by each opposing party,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:13-cv-00829-MRP(MANx) | Date | August 15, 2013 |
|---|---|---|---|
| Title | Broadcom Corp. v. NXP Semiconductors NV, et al. | | |

        including for each claim the applicable statutory subsections of 35 U.S.C. §271 asserted;

- (B) separately for each asserted claim, specific apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware;[1]
- (C) a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including the corresponding function under 35 U.S.C. §112(f) where applicable;
- (D) for each claim which is alleged to have been indirectly infringed, an identification of the direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement;
- (E) whether the claim is alleged to be literally present or present under the doctrine of equivalents in each Accused Instrumentality;
- (F) the priority date to which each asserted claim allegedly is entitled if the patent claims priority to an earlier application; and
- (G) if a party claiming patent infringement alleges willful infringement, the basis for such allegation.

4.    With the "Disclosure of Asserted Claims and Infringement Contentions," the party claiming patent infringement shall produce to each opposing party or make available for inspection and copying:

- (A) a copy of the file history for each patent in suit;
- (B) all documents evidencing ownership of the patent rights by the party asserting patent infringement; and
- (C) the status of any post-issuance proceedings involving each patent in suit, including reexaminations, interferences, appeals from the Board of Patent Appeals and Interferences to the Court of Appeals for the Federal Circuit, and district court litigations including prior claim constructions.

5.    Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions," each party asserting a claim of patent invalidity shall serve on all parties its "Invalidity Contentions" which shall contain the following information:

---

[1] Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device or apparatus which, when used, allegedly results in the practice of the claimed method or process.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:13-cv-00829-MRP(MANx) | Date | August 15, 2013 |
|---|---|---|---|
| Title | Broadcom Corp. v. NXP Semiconductors NV, et al. | | |

    (A) which section of 35 U.S.C. §102 and/or 103 that allegedly renders each claim of each patent that is allegedly invalid;
    (B) the reason why each claim is allegedly invalid, including identification of any prior use, prior sale, each item of prior art that allegedly anticipates each asserted claim or renders it obvious, abandonment of the invention, or other reason why the claim is invalid;[2]
    (C) if obviousness is alleged, an explanation of why the prior art renders each claim alleged to be invalid obvious, including an identification of any combinations of prior art showing obviousness;
    (D) a chart identifying where specifically in each item of prior art each limitation of each claim alleged to be invalid is found;
    (E) any grounds of invalidity based on 35 U.S.C. §101 for each claim alleged to be invalid; and
    (F) any grounds of invalidity based on 35 U.S.C. §112 for each claim alleged to be invalid.

6. With the "Invalidity Contentions," the party or parties claiming invalidity shall produce or make available for inspection and copying a copy or sample of the prior art identified in the "Invalidity Contentions" which does not appear in the file history of the patent at issue.[3]

7. Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions," each party against whom a claim of patent infringement is asserted shall serve on each opposing party documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in the "Disclosure of Asserted Claims and Infringement Contentions."

8. Not later than 40 days after service upon it of the documents described in Section 7, the party claiming infringement shall serve on each opposing party a "Preliminary Election of Asserted Claims," which shall assert no more than ten claims from each patent and no more than

---

    [2] Each patent shall be identified by its patent number and each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Prior sale or use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer to use took place or the information became known, and the identity of the person or entity which made the use or which made or received the offer, or the person or entity which made the information known or to whom it was made known.

    [3] To the extent any such item is not in English, an English translation of the portions relied upon shall be produced.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:13-cv-00829-MRP(MANx) | Date | August 15, 2013 |
|---|---|---|---|
| Title | Broadcom Corp. v. NXP Semiconductors NV, et al. | | |

a total of 32 claims.[4] If the party claiming infringement has asserted only one patent, it shall be permitted to assert no more than 15 claims from that patent.

9. Not later than 14 days after service upon it of the "Preliminary Election of Asserted Claims," the party against whom a claim of patent infringement is asserted shall serve on each opposing party a "Preliminary Election of Asserted Prior Art," which shall assert no more than twelve prior art references against each patent and no more than a total of 40 references.[5] If the party claiming infringement has asserted only one patent, the party against whom a claim of patent infringement is asserted shall be permitted to assert no more than 18 prior art references against that patent.

10. Not later than 28 days after the Court issues its Claim Construction Order, the party claiming infringement shall serve on each opposing party a "Final Election of Asserted Claims," which shall identify no more than five asserted claims per patent from among the claims previously identified in the "Preliminary Election of Asserted Claims" and no more than a total of 16 claims. If the party claiming infringement has asserted only one patent, the party against whom a claim of patent infringement is asserted shall be permitted to assert no more than 8 claims from that patent.

11. Not later than 14 days after service upon it of the "Final Election of Asserted Claims," the party against whom a claim of patent infringement is asserted shall serve on each opposing party a "Final Election of Asserted Prior Art," which shall identify no more than six asserted prior art references per patent from among the prior art references previously identified in the "Preliminary Election of Asserted Prior Art" and no more than a total of 20 references. If the party claiming infringement has asserted only one patent, the party against whom a claim of patent infringement is asserted shall be permitted to assert no more than nine prior art references against that patent.

---

[4] Upon a showing of diligence, and with due consideration for prejudice, a party may seek to modify Sections 8, 9, 10, and/or 11 of this Order for good cause shown. Any request to increase the limits contained in this Order must specifically show why the inclusion of additional assert claims or prior art references is warranted. *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1202, 1312-13 (Fed. Cir. 2011). A failure to seek such a modification will constitute acquiescence to the limits contained in this Order.

[5] For purposes of this Order, a prior art reference may include a prior art instrumentality, e.g., a device or process. The associated documents, samples, or other evidence that describe that instrumentality shall count as one prior art reference. For purposes of this Order, closely related work by a single prior artist or research group shall count as one prior art reference.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:13-cv-00829-MRP(MANx) | Date | August 15, 2013 |
|---|---|---|---|
| Title | Broadcom Corp. v. NXP Semiconductors NV, et al. | | |

12.   In all cases in which a party files a complaint or other pleading seeking a declaratory judgment that a patent is invalid, Sections 3, 4, 7, 8, and 10 shall not apply unless and until a claim for patent infringement is made by a party.[6] If the defendant does not assert a claim for patent infringement in its answer to the complaint, no later than 14 days after the defendant services its answer, or 14 days after the Initial Case Management Conference, whichever is later, the party seeking a declaratory judgment of invalidity shall serve upon each opposing party:
- (A)   Invalidity Contentions that conform to Section 5 and produce or make available for inspection and copying the documents described in Section 6;[7]
- (B)   a "Preliminary Election of Asserted Prior Art," which shall identify prior art references as required under Section 10.

Not later than 28 days after the Court issues its Claim Construction Order, the party seeking a declaratory judgment of invalidity shall serve upon each opposing party a "Final Election of Asserted Prior Art," which shall identify prior art references as required under Section 11.

IT IS SO ORDERED.

---

[6] This Section 12 applies to each claim for declaratory judgment of invalidity of a patent individually. Therefore, if Party A files a case for declaratory judgment of invalidity for patents Y and Z, and Party B responds with a claim for patent infringement with respect to patent Y only, then (a) Party B shall comply with Sections 3 and 4 and (b) Party A shall comply with Section 7 with respect to claims related to patent Y, but not with respect to claims related to patent Z.

[7] With respect to the example provided in footnote 4, Party A shall serve Invalidity Contentions and produce documents in accordance with Sections 5 and 6 for claims related to patent Z no later than 14 days after the defendant serves its answer, or 14 days after the Initial Case Management Conference, whichever is later. Party A shall serve Invalidity Contentions and produce documents in accordance with Sections 5 and 6 for claims related to patent Y no later than 45 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions."