WILLIAM F. LEE (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
ANDREA JEFFRIES (SBN 183408)
(andrea.jeffries@wilmerhale.com)
DOMINIC E. MASSA (admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

Attorneys for Plaintiff and Counterclaim Defendant
BROADCOM CORPORATION

Mark D. Rowland (SBN 157862)
mark. rowland@ropesgray.com
Gabrielle E. Higgins (SBN 163179)
gabrielle.higgins@ropesgray. com
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA94303-2284
Telephone: (650 ) 617-4000
Facsimile: (650 ) 61 7-4090

Attorneys for Defendant and Counterclaim Plaintiff
NXP SEMICONDUCTORS N.V., NXP B.V., & NXP SEMICONDUCTORS USA, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

**BROADCOM CORPORATION,**

**Plaintiff,**

**v.**

**NXP SEMICONDUCTORS N.V., NXP B.V. & NXP SEMICONDUCTORS USA, INC.,**

**Defendants.**

**And Related Counterclaims**

CASE No. SACV13-829-MRP (MANx)

**JOINT RULE 26(F) REPORT**

Hon. Mariana R. Pfaelzer

Date: September 19, 2013
Time: 1:30 PM
Courtroom: 12 (Spring Street)

Pursuant to Rule 26(f), Local Rule 26.1, and this Court's Standing Order (Docket No. 24)(August 15, 2013), Plaintiff Broadcom Corporation ("Broadcom") and Defendants NXP Semiconductors N.V., NXP B.V., and NXP Semiconductors USA, Inc. ("NXP") submit this Joint Rule 26(f) Report.

## SYNOPSIS

### A. Broadcom's Statement of Its Claims

Broadcom is a leading technology innovator, with a strong commitment to research and development in semiconductors and related technology, as evidenced both by the amount it spends on research and development and by the size and strength of its patent portfolio. In terms of R&D expenditures, Broadcom ranks 23rd in the Fortune 500, and 12th among all technology companies. Broadcom's ratio of research spending to revenues is the highest in the semiconductor industry. In terms of its patents, Broadcom currently holds over 8,350 U.S. patents; 3,450 foreign patents; and over 7,700 pending patent applications. In 2012 alone, Broadcom was awarded 1,146 U.S. patents. Broadcom's patent portfolio is among the top 20 worldwide.

Among Broadcom's innovations include those in the fields of semiconductor solutions for wired and wireless communications. Broadcom has pioneered numerous fundamental technologies in high performance wireless/RF communication and security, including the inventions of the patents-in-suit. Broadcom does not seek licensees for its inventions. Rather, it uses these fundamental technologies as a competitive differentiator by incorporating them into its products.

This case involves NXP's unauthorized use of Broadcom's inventions in its products, thereby using Broadcom's own technology to unfairly compete against Broadcom. Specifically, Broadcom contends that NXP is infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, five Broadcom

patents (the "patents-in-suit"). The five patents-in-suit are as follows:

1. U.S. Patent No. 7,355,485 ("Apparatus and Method for Phase Lock Loop Gain Control Using Unit Current Sources")
2. U.S. Patent No. 7,400,72 2 ("Methods and Apparatus for Performing Hash Operations in a Cryptography Accelerator")
3. U.S. Patent No. 7,6 56,643 ("Scalable Integrated Circuit High Density Capacitors")
4. U.S. Patent No. 8,315,381 ("Methods and Apparatus Performing Hash Operations in a Cryptography Accelerator")
5. U.S. Patent No. 8,333,317 ("System and Method for Authenticating the Proximity of a Wireless Token to a Computing Device")

Broadcom is seeking a permanent injunction to prevent NXP from continuing to use Broadcom's inventions to gain an unfair advantage in the market. Broadcom is also seeking damages for NXP's unlawful use of Broadcom's patented technology.

**B. NXP's Statement of Its Defenses and Counterclaims.**

NXP denies that the products accused of infringement in the Complaint infringe any valid claim of the patents-in-suit, and it therefore seeks a declaration of noninfringement and invalidity.

NXP asserts that (1) the Court does not have personal jurisdiction over NXP Semiconductors N.V. and NXP B.V.; (2) it does not infringe any of the patents-in-suit; and (3) the patents-in-suit are invalid.

NXP Semiconductors is a long-standing global supplier in the semiconductor industry, with over 50 years of innovation and operating history. It provides leading High-Performance Mixed-Signal and Standard Products solutions that leverage its deep application insight and its technology and manufacturing expertise in radio frequency, analog, power management, interface, security and

digital processing products.

As is typical of entities having a global reach, NXP Semiconductors is composed of multiple corporations in multiple jurisdictions. Broadcom has named three NXP corporations as defendants. NXP Semiconductors USA, Inc., the NXP operating company in the United States, is a wholly-owned subsidiary of NXP B.V., which is itself a wholly-owned subsidiary of NXP Semiconductors N.V., the top-level corporation in the NXP Semiconductors corporate structure. NXP Semiconductors N.V. and NXP B.V. are organized under the laws of the Netherlands. They are foreign holding companies with no employees or operations. NXP Semiconductors N.V.'s only material assets are the direct ownership of 100% of the shares of NXP B.V., a Dutch private company with limited liability. NXP B.V. is a holding company for the various NXP operating companies around the world, and is not engaged in the design, manufacture, sale, or distribution of any product — much less any product accused of infringing Broadcom's asserted patents.

NXP Semiconductors N.V. and NXP B.V. have timely objected to the exercise of personal jurisdiction in the Answer filed on August 13, 2013. In addition to its defense for lack of personal jurisdiction and other affirmative defenses, NXP has also filed counterclaims seeking declarations that each of the asserted patents is invalid and not infringed.

## LEGAL AND FACTUAL ISSUES

The key issues are the following:

1. The proper construction of the claims of the patents-in-suit.
2. Whether NXP infringes one or more of the asserted claims.
3. Whether the asserted claims are invalid.
4. If Broadcom establishes infringement, the amount of Broadcom's damages.

5. If Broadcom establishes infringement, whether Broadcom is entitled to injunctive relief.

6. Whether under the doctrine of prosecution history estoppel, Broadcom is estopped from construing any allegedly infringed claim of the patents-in-suit to cover or include, either literally or by application of the doctrine of equivalents, any NXP-branded product or any method performed by NXP.

7. Whether Broadcom's claim for damages is limited by 35 U.S.C. §§ 286, 287, and/or 288.

8. Whether Broadcom's claims for relief are barred, in whole or in part, by the equitable doctrines of laches, waiver, acquiescence, ratification, and/or estoppel.

9. If NXP establishes invalidity of one or more claims of the asserted patents, whether Broadcom should be permanently enjoined from directly or indirectly charging or instituting any action for infringement of the invalid claim(s) against NXP, including without limitation NXP's successors, assigns, agents, suppliers, and customers.

## DAMAGES AND OTHER RELIEF

Broadcom's Position:

Broadcom is seeking injunctive relief to preclude NXP from using Broadcom's patented technology. Broadcom anticipates that it will also seek lost profits or, at a minimum, a reasonable royalty for NXP's past infringement. Broadcom maintains that calculation of lost profits and/or the amount and rate of a reasonable royalty requires discovery, including discovery related to NXP's allegedly infringing sales.

Broadcom will seek prejudgment interest from the date of the infringement to the date of judgment. Broadcom also claims attorneys fees and costs pursuant to

35 U.S.C. § 285.

NXP's Position:

NXP seeks declarations that each of the asserted patents is invalid and not infringed and that no damages or injunctive relief is appropriate. NXP also claims attorneys fees and costs pursuant to 35 U.S.C. § 285. NXP further states that, to the extent it is entitled to any recovery, Broadcom would only be permitted to recover based on NXP's sales in the United States. Furthermore, because it failed to provide any pre-filing notice, failed to file suit when NXP first announced the alleged infringing products, and failed to consistently mark products that practice the claimed inventions, Broadcom should not be permitted to recover pre-filing damages or prejudgment interest.

## INSURANCE

The parties are not aware of any insurance agreements relevant to this action.

## COMPLEXITY OF CASE

The parties agree that the procedures of the Manual For Complex Litigation need not be utilized in this case.

## MOTIONS

Broadcom's Position:

Broadcom does not anticipate filing motions to add other parties or claims.

During the Rule 26(f) meet and confer, NXP indicated that it plans to file motions challenging personal jurisdiction and venue. NXP stated that it did not have a specific time frame in mind for filing either of these motions. With respect to NXP's threatened motion for lack of personal jurisdiction, Broadcom reserves its right to contend that NXP has waived this defense by failing to move in a timely fashion. Broadcom had a reasonable basis for naming NXP Semiconductors N.V. and NXP B.V. as defendants based on public statements made by one or both of

these entities, and thus expects to oppose any personal jurisdiction motion. However, Broadcom will participate in good faith in the meet and confer process before making any final decision to oppose NXP's personal jurisdiction and venue motions. Depending upon the details learned during the meet and confer process, or as the result of jurisdictional discovery, Broadcom may seek to add other NXP entities as parties to this matter.

Broadcom anticipates filing a motion for summary judgment of infringement. The proposed cutoff date by which all such motions shall be made is addressed in the Case Management Schedule section below.

NXP's Position:

NXP Semiconductors N.V. and NXP B.V., which are foreign holding companies having no employees or operations, plan to file a motion challenging personal jurisdiction if the issue is not resolved through the L.R. 7-3 conference prior to filing of the motion. Such a motion will be filed promptly after the initial Case Management Conference scheduled on September 19, 2013. NXP submits that it has timely raised the defense of lack of personal jurisdiction over NXP Semiconductors N.V. and NXP B.V. in its Answer filed on August 13, 2013. Fed. R. Civ. P. 12 "permits a defendant to raise jurisdictional defenses by motion or by answer." *See Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1330 (9th Cir. Ariz. 1984).

During the Rule 26(f) meet and confer, Broadcom was advised of the grounds for the jurisdictional defense. Broadcom was asked whether it would be willing to stipulate to the dismissal of NXP Semiconductors N.V. and NXP B.V. Broadcom inquired as to whether doing so would prevent Broadcom from obtaining any discovery that might be within their control. NXP Semiconductors USA, Inc. represented that it would not object to discovery solely on the basis that the requested information is located overseas in the possession of a foreign sister

company. However, NXP Semiconductors USA, Inc. cannot guarantee that any requested information within the possession of a foreign sister company will be available for discovery. NXP will continue to participate in the meet and confer process in an attempt to resolve this issue by stipulation prior to filing a motion challenging personal jurisdiction.

NXP reserves the right to object to the addition of other NXP entities as parties to this matter.

## DISCOVERY AND EXPERTS

### A. Changes in the Disclosures under Rule 26(a) – Initial Disclosures

The parties do not request any changes to the disclosures required under Rule 26(a). Fact discovery opened on August 28, 2013. The parties agreed to exchange initial disclosures on September 11, 2013.

### B. Subjects on which Discovery May Be Needed

The parties agree that discovery may be required on at least the following subject matters:

1. The manufacture, use, offer for sale, sale, and/or importation of products that allegedly infringe for each of the patents-in-suit;
2. The design, development, structure, operation, and function of the relevant portions of the allegedly infringing products;
3. The design, development, structure, operation, and function of the relevant portions of the Broadcom products practicing the patents-in-suit;
4. Construction of claim terms at issue;
5. NXP's alleged infringement of each of the patents-in-suit;
6. Alleged invalidity of the each of the patents-in-suit under 35 U.S.C. §§ 101, 102, 103 and/or 112;
7. Conception, reduction to practice, filing of patent applications for, and

prosecution of each of the patents-in-suit, and circumstances surrounding the same;

8. The ownership and assignment of the patents-in-suit;
9. Evidence relating to the licensing of the patents-in-suit, and the customs, practices and circumstances of licenses and licensing activities for patents relating to any relevant industry standards;
10. Manufacturing, sales, or other activities related to the commercial exploitation of each of the patents-in-suit by Broadcom, its predecessors-in-interest, or any licensees;
11. Broadcom's alleged damages and entitlement to equitable relief.
12. Evidence relating to Broadcom's claims and defenses to NXP's counterclaims
13. Evidence relating to NXP's affirmative defenses and counterclaims

In addition, if NXP contests jurisdiction, Broadcom contends that discovery may be appropriate as to the facts relating to NXP's corporate organizational structure, including the interconnectedness of the ultimate parent corporation and its subsidiaries, and the decision making process of the NXP entities as it relates to the products accused of infringing Broadcom's patents. NXP disagrees that jurisdictional discovery is necessary or appropriate.

## C. Electronic Service

The parties consent to electronic service under Fed. R. Civ. P. 5(b)(2)(E) for this matter. The parties agree that papers may be served by sending them by electronic means to the email addresses of the counsel of record for this matter. Papers may be served on Broadcom by sending them to all of the following email addresses:

Dominic.Massa@WilmerHale.com
Andrea.Jeffries@WilmerHale.com
Jonathan.Andron@WilmerHale.com
Tobias.Mock@WilmerHale.com
Andrew.Schalkwyk@WilmerHale.com

Papers may be served on NXP by sending them to the following email addresses:

Mark.Rowland@ropesgray.com
Gabrielle.Higgins@ropesgray.com
Carolyn.Redding@ropesgray.com
Christopher.Bonny@ropesgray.com
Keyna.Chow@ropesgray.com

**D. Case Management Schedule**

1. Broadcom's Proposed Case Management Schedule

Broadcom does not believe that discovery should be phased or limited. Rather, Broadcom is of the view that discovery should go forward on all issues in order to reach resolution of this matter in an efficient and timely fashion. Broadcom believes that fact discovery can be completed relatively quickly, such that a combined *Markman*/Summary Judgment proceeding can be held before the end of 2014. Broadcom's proposed case schedule is attached hereto as **Exhibit A**.

Broadcom's reasoning in support of a combined *Markman*/Summary Judgment proceeding is as follows: This matter involves four different technologies as described and claimed in five patents. Broadcom believes that NXP's infringement is pervasive, and NXP has incorporated the infringing

technology into many NXP products. As a result, this case is likely to involve nuanced claim construction disputes that will be informed by an understanding of the manner in which numerous accused products are alleged to incorporate the claimed inventions. Broadcom submits that briefing claim construction and summary judgment together would allow the parties to focus on the critical claim terms, i.e., those that bear on key infringement or invalidity issues, in a concrete manner.

2. NXP's Proposed Case Management Schedule

Broadcom is asserting five patents from four different patent families against at least three accused products. These patents are all directed to highly complex technology, and each of the patent families is directed to a different technology area. Each of the patents presents different issues regarding the alleged infringement, invalidity and unenforceability, as well as other defenses asserted by NXP. NXP believes that the parties will need substantial time to conduct claim construction and complete fact discovery.

NXP objects to Broadcom's proposal of a combined *Markman*/Summary Judgment proceeding. NXP proposes that a *Markman* hearing will precede motions for Summary Judgment hearing. It will be more appropriate to allow Summary Judgment motions to be filed after the Court issues its claim construction order. Conducting a combined *Markman*/Summary Judgment proceeding will introduce unnecessary complexity in case management and is likely to be inefficient. For example, the Court may give claim construction rulings that are different than that proposed by the parties.

NXP's Proposed Case Management Schedule is attached hereto as **Exhibit B.**

**E. Claim Construction**

The parties intend to educate the Court on the technology at issue by providing the Court with an electronic tutorial on a CD or DVD prior to the *Markman* hearing. Each party will provide the Court with its own tutorial. The parties have agreed to present tutorials of no more than 45 minutes in length.

The parties do not anticipate at this time the need for any live testimony at the hearing, nor do they anticipate the need for any expert discovery or expert testimony on claim construction issues. The need for expert discovery or live testimony at the hearing may change based on Broadcom's disclosure of asserted claims, the parties' exchange of contentions and proposed claim constructions. If any party believes that live testimony is required at the hearing, the party shall notify the Court and the other party prior to the *Markman* hearing.

With regard to the format of the *Markman* hearing, the parties agree that all of the disputed claim terms from one patent or patent family should be presented, before the terms from another patent or patent family are presented. The parties also agree that Broadcom (the patentee) will present first on each term, unless the Court desires otherwise. Depending upon the nature of the terms in dispute, it may be most helpful to the Court for Broadcom to first present its position on all disputed terms within a given patent, followed by a responsive presentation by NXP on the same terms. Alternatively, it may be most helpful for the parties to proceed term-by-term. That is, for Broadcom and NXP to present their positions on each term, before moving to the next term. The parties have agreed to discuss the order of presentation closer to the *Markman* hearing when they have a better sense of the terms that are in dispute.

<u>Broadcom's Position</u>:

Broadcom believes that a combined Markman/Summary Judgment hearing can be completed in one court day.

NXP's Position:

As stated above, NXP submits that it will be more appropriate to allow summary judgment motions to be filed after the Court issued its claim construction order. NXP submits that the *Markman* hearing can be completed in one court day.

**F. Discovery Limits**

1. Broadcom's Position

Broadcom believes that this matter will require discovery beyond the limits provided for in the Federal Rules of Civil Procedure. Accordingly, Broadcom proposes the following discovery limits, which are reasonably calibrated to the complexity of this matter.

Interrogatories: Broadcom proposes that each side be permitted to propound up to fifty (50) interrogatories.

Requests for Admission: Broadcom proposes that requests for admission be limited to seventy-five (75), with the exception of no proposed limitation of requests for admission related to authentication of documents or materials.

Depositions: Broadcom proposes that each side be permitted 125 hours of party fact depositions, including depositions of witnesses deposed under Rule 30(b)(6). Broadcom further proposes the following limitations on depositions:

(a) depositions of non-30(b)(6) witnesses limited to no more than one (1) day each of seven (7) hours per day;

(b) depositions of 30(b)(6) witnesses permitted for as long as reasonably necessary within the 125 hour cap;

(c) depositions of experts limited to one (1) day of seven (7) hours per day per expert report; and

(d) the number and/or hours of third-party depositions to be agreed upon by the parties as reasonably necessary.

Broadcom further proposes that the parties may amend or deviate from any

of the limits on discovery noted above upon agreement of the parties or by leave of Court for good cause shown.

2. NXP's Position

NXP believes that the limits set forth in the Federal Rules of Civil Procedure should apply, and are reasonable and consistent with the complexity of this case. The parties may jointly agree to modify these limits later in the case if good cause arises. Accordingly, NXP proposes the following limitations to discovery:

Interrogatories: Pursuant to Fed. R. Civ. P. 33, NXP proposes that each side be permitted to propound up to twenty-five (25) interrogatories.

Requests for Admission: NXP proposes that requests for admission be limited to twenty-five (25) per side, with the exception of no proposed limitation of requests for admission related to authentication of documents or materials.

Depositions: Pursuant to Fed. R. Civ. P. 30, NXP proposes the following limitations on depositions:

(a) depositions of fact witnesses limited to no more than ten (10) depositions per side, each limited to one (1) day of seven (7) hours per day. This limit applies to individual and Rule 30(b)(6) depositions, but does not apply to expert witness depositions.

(b) depositions of experts limited to one (1) day of seven (7) hours per day per expert report; and

(c) third-party discovery will proceed consistent with the Federal Rules of Civil Procedure.

"Side" means a party or a group of parties with a common interest. NXP further proposes that the parties may amend or deviate from any of the limits on discovery noted above upon agreement of the parties or by leave of Court for good cause shown.

**G. Protective Order and ESI**

The parties agree to use their best efforts to negotiate a proposed protective order and a joint proposal addressing electronically-stored information prior to the Case Management Conference. The parties anticipate submitting their joint or respective proposals to the Court by no later than October 4, 2013.

**H. Privilege Issues**

At this time, there are no known issues relating to the attorney-client privilege or work product protection. The parties agree that privileged communications created on or after May 29, 2013 need not be included on any privilege log, absent agreement of the parties or a showing of good cause.

**SETTLEMENT AND ADR SELECTION**

The parties have engaged in settlement discussions and such discussions are ongoing.

The parties agree that that this matter is best suited to private mediation, to take place after a combined *Markman*/Summary Judgment hearing or after the *Markman* hearing. *See* Exhibit C, Form "Request: ADR Procedure Selection."

**TRIAL ESTIMATE**

The parties anticipate that trial will take approximately ten (10) court days.

The parties request that the case be tried to a jury. At this point, the parties cannot reliably estimate the number of witnesses that will be called to testify.

Respectfully submitted,

Dated: September 11, 2013

By: /s/ Andrea Jeffries

WILLIAM F. LEE (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
ANDREA JEFFRIES (SBN 183408)
(andrea.jeffries@wilmerhale.com)
DOMINIC E. MASSA (admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

Attorneys for Attorneys for Plaintiff and Counterclaim Defendant
BROADCOM CORPORATION

By: /s/ Mark D. Rowland

Mark D. Rowland (SBN 157862)
mark. rowland@ropesgray.com
Gabrielle E. Higgins (SBN 163179)
gabrielle.higgins@ropesgray. com
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA94303-2284
Telephone: (650 ) 617-4000
Facsimile: (650 ) 617-4090

Attorneys for Defendant and Counterclaim Plaintiff
NXP SEMICONDUCTORS N.V., NXP B.V., & NXP SEMICONDUCTORS USA, INC.