1  Mark D. Rowland (CSB # 157862)
   *mark.rowland@ropesgray.com*
2  Gabrielle E. Higgins (CSB # 163179)
   *gabrielle.higgins@ropesgray.com*
3  **ROPES & GRAY LLP**
   1900 University Avenue, 6th Floor
4  East Palo Alto, California 94303-2284
   (650) 617-4000
5  (650) 617-4090

6  *Attorneys for Defendants*
   NXP SEMICONDUCTORS N.V.,
7  NXP B.V., & NXP
   SEMICONDUCTORS USA, INC.
8

9

10

11              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
12                    **WESTERN DIVISION**

13

14  BROADCOM CORPORATION,          )
                                   )
15          Plaintiff,             )   Case No. SACV13-829-MRP-MAN
                                   )
16     v.                          )   **MEMORANDUM OF POINTS AND**
                                   )   **AUTHORITIES IN SUPPORT OF**
17                                 )   **NXP SEMICONDUCTORS N.V.**
    NXP SEMICONDUCTORS N.V.,       )   **AND NXP B.V.'S MOTION TO**
18  NXP B.V., & NXP                )   **DISMISS FOR LACK OF**
                                   )   **PERSONAL JURISDICTION**
19  SEMICONDUCTORS USA, INC.,      )
                                   )   Date: November 18, 2013
20          Defendants.            )   Time: 11:00 a.m.
                                   )   Place: Courtroom 12
21  NXP SEMICONDUCTORS N.V.,       )   Judge: Honorable Mariana R. Pfaelzer
    NXP B.V., & NXP                )
22  SEMICONDUCTORS USA, INC.,      )
                                   )
23          Counter-plaintiffs,    )
                                   )
24     v.                          )
                                   )
25  BROADCOM CORPORATION,          )
                                   )
26          Counter-defendant.     )

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**
**Case No. SACV13-829-MRP-MAN**

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants NXP Semiconductors N.V. and NXP B.V. respectfully submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss for Lack of Personal Jurisdiction.

## I.     BACKGROUND AND RELEVANT FACTS

Plaintiff Broadcom Corporation ("Plaintiff") filed this patent infringement lawsuit on May 29, 2013.  In its Complaint, Plaintiff named three different NXP entities as defendants:  NXP Semiconductors N.V., NXP B.V., and NXP Semiconductors USA, Inc.

Throughout most of its allegations addressing jurisdiction, Plaintiff collectively refers to the three different defendants as "NXP" or "Defendants." *See* Complaint, ¶¶ 2-3, 8-13.  The Complaint makes only a token effort to distinguish the three NXP entities, such as by identifying the parent-subsidiary relationship between the NXP entities.  *See* Complaint, ¶ 5.  Specifically, Plaintiff correctly alleges that NXP Semiconductors USA, Inc. is a subsidiary of NXP B.V., and that NXP B.V. is a subsidiary of NXP Semiconductors N.V.  *See id.* However, Plaintiff incorrectly alleges that NXP Semiconductors USA, Inc. operates as the "alter-ego" of its parent companies.  *See* Complaint, ¶ 7.  Plaintiff also incorrectly alleges that NXP Semiconductors N.V. has publicly reported that it conducts substantial business in the United States.  *See* Complaint, ¶ 4.

Neither NXP Semiconductors N.V. nor NXP B.V. controls the day-to-day activities of NXP operating companies, including NXP Semiconductors USA, Inc. Declaration of Dr. Jean. A.W. Schreurs in Support of Defendants' Motion to Dismiss ("Schreurs Decl.") ¶ 12.  Indeed, public statements make clear that NXP Semiconductors N.V. and NXP B.V. are holding companies, distinct from NXP's operating companies.  NXP Semiconductors N.V.'s Final Prospectus Supplement (Form 424(b)(7)) (Sept. 16, 2013) states that "[w]e are a ***holding company*** whose

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
Case No. SACV13-829-MRP-MAN

1

1   ***only activity is the holding of our direct ownership of 100% of the shares of***

2   ***NXP B.V.***, a Dutch private company with limited liability." Schreurs Decl.," ¶ 6

3   (emphasis added). This filing is publicly available from the Securities and

4   Exchange Commission website. Schreurs Decl., ¶ 5. With respect to NXP B.V.,

5   the website www.nxp.com includes a "FAQ" section that clearly explains that

6   "NXP B.V. . . . acts as the ***holding company*** of the operational companies within

7   the NXP group." Schreurs Decl., ¶ 7 (emphasis added). In addition, NXP

8   Semiconductors USA, Inc., the operating company in the United States, has an

9   independent board of directors and officers, and otherwise observes corporate

10  formalities. Schreurs Decl., ¶ 16. While external documents sometimes refer to

11  "NXP" as a collective group, that group explicitly includes the operating

12  companies. Schreurs Decl., ¶ 14. Thus, any statements about "NXP" having

13  operations in the United States or in California are references to NXP

14  Semiconductors USA, Inc., consistent with the status of NXP Semiconductors

15  N.V. and NXP B.V. as holding companies.

### A.   NXP Semiconductors N.V. and NXP B.V. have only *de minimus* Contacts with the State of California

16
17
NXP Semiconductors N.V. and NXP B.V. are companies organized under

18  the laws of the Netherlands. Schreurs Decl., ¶ 3. Neither NXP Semiconductors

19  N.V. nor NXP B.V. has employees other than an executive management team.

20  Schreurs Decl., ¶ 9. Neither company conducts substantial business in the United

21  States, and neither company has facilities in the United States. Schreurs Decl.,

22  ¶¶ 9-10. Finally, neither NXP Semiconductors N.V. nor NXP B.V. designs,

23  manufactures, sells, imports or distributes NXP-branded products in any country,

24  let alone the United States. *See* Schreurs Decl., ¶ 11.

### B.   NXP Semiconductors N.V. and NXP B.V. have no Involvement in any of the Purported Acts of Infringement Alleged by Plaintiff

25
26
27  NXP Semiconductors N.V. and NXP B.V. cannot have involvement in

28
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
Case No. SACV13-829-MRP-MAN

2

1   any purported acts of infringement alleged by Plaintiff because neither holding

2   company designs, manufactures, sells, imports or distributes NXP-branded

3   products in any country.  Schreurs Decl., ¶ 11.  More particularly, neither NXP

4   Semiconductors N.V. nor NXP B.V. imports the specific products that are accused

5   by Plaintiff of patent infringement.  Schreurs Decl., ¶ 18.  NXP Semiconductors

6   USA, Inc. is the only NXP company that imports NXP-branded products into the

7   United States or sells NXP-branded products in the United States.  Schreurs Decl.,

8   ¶ 17.

9   **II.    ARGUMENT**

10          Plaintiff's allegations are inadequate to support the Court's exercise of

11   personal jurisdiction over NXP Semiconductors N.V. and NXP B.V. in this action.

12   NXP Semiconductors N.V. and NXP B.V., who are foreign holding companies

13   organized under the laws of the Netherlands, have only *de minimus* contacts with

14   California that are insufficient to subject them to either general or specific

15   personal jurisdiction, and the Court should dismiss this action for lack of personal

16   jurisdiction under both theories.

17          **A.    Applicable Law**

18          The question of whether a court in a patent infringement case has personal

19   jurisdiction over a nonresident defendant must be resolved by applying the law of

20   the Federal Circuit Court of Appeals, rather than the law of the regional circuit in

21   which the case arises.  *Grober v. Mako Products, Inc.*, 686 F.3d 1335, 1345

22   (2012); *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir.1995) ("We apply the

23   law of the Federal Circuit, rather than that of the regional circuit in which the case

24   arose, when we determine whether the district court properly declined to exercise

25   personal jurisdiction over an out-of-state accused infringer.").

26          Under Federal Circuit law, determining whether personal jurisdiction

27   exists is a two-part inquiry: (l) whether service of process is authorized by the

28   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
     MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
     Case No. SACV13-829-MRP-MAN

forum state's long-arm statute; and (2) whether the assertion of personal jurisdiction violates due process. *Grober*, 686 F.3d at 1345 (citing *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir.1997)). Because California's long-arm statute is coextensive with the limits of due process, the two inquiries collapse into one and the Court must assess whether jurisdiction comports with due process. *Id*. (citing *Autogenomics, Inc. v. Oxford Gene Technology Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009)).

Due process requires that the defendant "have certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe co. v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction may be "general" or "specific," and in either situation "'random,' 'fortuitous,' or 'attenuated' contacts do not count in the minimum contacts analysis," and neither do "contacts resulting from the 'unilateral activity' of others." *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Here, the facts and allegations do not support the Court's exercise of general or specific personal jurisdiction over NXP Semiconductors N.V. and NXP B.V.

### B.   NXP Semiconductors N.V. and NXP B.V. are not Subject to this Court's General Jurisdiction

General jurisdiction requires that the defendant have "continuous and systematic contacts" with the forum state. *Autogenomics*, 566 F.3d at 1017 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). General jurisdiction confers personal jurisdiction even when the cause of action has no relationship with a defendant's contacts. *Id*. Thus, "the standard for general jurisdiction is 'fairly high.'" *Id*. at 1018.

The Supreme Court has rejected personal jurisdiction where the defendant

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
Case No. SACV13-829-MRP-MAN

4

1    did not have a place of business in the forum state and had never been licensed to

2    do business in the state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466

3    U.S. 408, 416 (1984). Even regular purchases, or sending personnel to the forum

4    state, are not enough to establish general jurisdiction. *Id*. at 418. In other words,

5    commercial contacts alone do not necessarily confer general jurisdiction.

6    *Autogenomics*, 566 F.3d at 1018 ("nothing here exceeds the commercial contacts

7    that the Supreme Court held were insufficient in *Helicopteros*").

8            Plaintiff makes no allegations of conduct by NXP Semiconductors N.V. or

9    NXP B.V. that would rise to the level of "continuous and systematic contacts"

10   with California. In its Complaint, Plaintiff alleges that NXP Semiconductors

11   USA, Inc. operates as the "alter-ego" of its parent companies. *See* Complaint, ¶ 7.

12   However, Plaintiff makes no specific allegations to back up its misplaced alter-ego

13   theory. Numerous public documents disclose that NXP Semiconductors N.V. and

14   NXP B.V. are foreign holding companies. For example, NXP Semiconductors

15   N.V.'s Final Prospectus Supplement (Form 424(b)(7)) (Sept. 16, 2013) states that

16   "[w]e are a holding company whose *only activity is the holding of our direct*

17   *ownership of 100% of the shares of NXP B.V.*, a Dutch private company with

18   limited liability." Schreurs Decl.," ¶ 6 (emphasis added). In addition, the

19   www.nxp.com website includes a "FAQ" section that clearly explains that "NXP

20   B.V. . . . acts as the *holding company* of the operational companies within the

21   NXP group." Schreurs Decl., ¶ 7 (emphasis added). As holding companies, NXP

22   Semiconductors N.V. and NXP B.V. do not control the day-to-day operations of

23   NXP Semiconductors USA, Inc. NXP Semiconductors USA, Inc. is an operating

24   company that has its own board of directors and officers, and otherwise observes

25   corporate formalities.

26           Thus, it is irrelevant that NXP Semiconductors, USA, Inc. may conduct

27   substantial business in California, because its parent companies NXP

28

Semiconductors N.V. and NXP B.V. do not. NXP Semiconductors N.V. and NXP B.V. are foreign holding companies organized under the laws of the Netherlands. Other than an executive management team, neither NXP Semiconductors N.V. nor NXP B.V. has employees. Neither company conducts substantial business in the United States, and neither company has facilities in the United States. Finally, neither NXP Semiconductors N.V. nor NXP B.V. designs, manufactures, sells, imports or distributes NXP-branded products in any country, let alone in the state of California. Under these circumstances, the Court cannot properly exercise general jurisdiction over NXP Semiconductors N.V. and NXP B.V.

C.      **NXP Semiconductors N.V. and NXP B.V. are not Subject to this Court's Specific Jurisdiction**

This Court also cannot properly exercise specific jurisdiction over NXP Semiconductors N.V. and NXP B.V. In contrast to general jurisdiction, specific jurisdiction "must be based on activities that arise out of or relate to the cause of action." *Autogenomics, Inc. v. Oxford Gene Technology Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). A court may only exercise specific jurisdiction upon satisfaction of a three part test: (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair. *Autogenomics*, 566 F.3d. at 1018. The plaintiff has the burden of proving the first two prongs. Only if the plaintiff meets its burden of proof does the burden shift to the defendant to convince the Court that the exercise of personal jurisdiction is not reasonable and fair. *Id.*; *Grober*, 686 F.3d at 1346.

Plaintiff cannot meet its burden of showing that NXP Semiconductors N.V. and NXP B.V. have purposefully directed their activities at residents of California, or that Plaintiff's claim arises out of or relates to any such activities.

1    This is not a case where the foreign defendant imports products over which it

2    retains ownership, pursuant to a license agreement.  *See Nuance Communications,*

3    *Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010).

4    Furthermore, as explained above with respect to general jurisdiction, Plaintiff's

5    "alter-ego" theory does not apply to NXP Semiconductors N.V. or NXP B.V.

6    Thus, the only relevant activities are the activities of the two holding companies.

7          NXP Semiconductors N.V. and NXP B.V. cannot have involvement in

8    any purported acts of infringement alleged by Plaintiff because neither holding

9    company designs, manufactures, sells, imports or distributes NXP-branded

10   products in any country.  More particularly, neither NXP Semiconductors N.V.

11   nor NXP B.V. imports the specific products that are accused by Plaintiff of patent

12   infringement.

13         Plaintiff alleges that NXP Semiconductors N.V. and NXP B.V.

14   "purposefully and voluntarily placed one or more infringing products into the

15   stream of commerce with the expectations that they will be incorporated into

16   downstream products and purchased by consumers in this District, including by

17   directly or indirectly working with subsidiaries, distributors, and other entities

18   located in California to ensure that its products reach California and this District."

19   *See* Complaint, ¶ 11.  However, "bare formulaic accusations" relating to the

20   stream of commerce theory are not sufficient to confer specific jurisdiction.  *See*

21   *AFTG-TG, LLC v. Nuvoton Technology Corp.*, 689 F.3d 1358, 1365 (Fed. Cir.

22   2012).  Furthermore, neither NXP Semiconductors N.V. nor NXP B.V. sells,

23   imports, or distributes any NXP-branded products in any country, and thus it

24   cannot be said that either company places allegedly infringing products into the

25   stream of commerce.  Under any theory, the Court cannot properly exercise

26   specific jurisdiction over NXP Semiconductors N.V. and NXP B.V.

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**
**Case No. SACV13-829-MRP-MAN**

## III.    CONCLUSION

Foreign holding companies NXP Semiconductors N.V. and NXP B.V. lack sufficient contacts with California, and this Court cannot properly exercise general jurisdiction or specific jurisdiction over either company without offending due process.  Accordingly, Plaintiff's Complaint against NXP Semiconductors N.V. and NXP B.V. should be dismissed for lack of personal jurisdiction.

Respectfully submitted,

September 27, 2013                   By      /s/ Mark D. Rowland

Mark D. Rowland
*mark.rowland@ropesgray.com*
Gabrielle E. Higgins
*gabrielle.higgins@ropesgray.com*
ROPES & GRAY LLP

*Attorneys for Defendants*
NXP SEMICONDUCTORS N.V.,
NXP B.V., & NXP
SEMICONDUCTORS USA, INC.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
Case No. SACV13-829-MRP-MAN

8