1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **BROADCOM CORPORATION,** | **No. 8:13-cv-00829-MRP-MAN** |
| **Plaintiff,** | |
| **v.** | **PROTECTIVE ORDER** |
| **NXP SEMICONDUCTORS N.V., NXP B.V., and NXP SEMICONDUCTORS USA, INC.** | Hon. Mariana R. Pfaelzer |
| **Defendants.** | |
| **NXP SEMICONDUCTORS N.V., NXP B.V., and NXP SEMICONDUCTORS USA, INC.** | |
| **Counter-Plaintiffs,** | |
| **v.** | |
| **BROADCOM CORPORATION,** | |
| **Counter-Defendant.** | |

## ORDER

WHEREAS the parties have stipulated that disclosure and discovery activity in this action are likely to involve production of confidential research, development, commercial, proprietary, or private business information, including but not limited to source code and other confidential technical information, for which special protection from public disclosure and from use for any purpose other than this litigation is warranted; and

WHEREAS the parties have stipulated to entry of the following Protective Order;

IT IS HEREBY ORDERED that the terms and conditions of this Protective Order shall govern the handling of documents, source code, deposition testimony, deposition exhibits, interrogatory responses, admissions, and any other information or things produced, given, or exchanged by and among Plaintiff Broadcom Corporation ("Broadcom") and Defendants NXP Semiconductors N.V., NXP B.V., and NXP Semiconductors USA, Inc. (collectively "NXP") (Broadcom and NXP collectively the "parties"), and third parties to the above-captioned litigation ("the Litigation"), in connection with discovery in the Litigation (this information hereinafter referred to as "Discovery Material"):

1. **Applicability of Order:**  This Order shall be applicable to and govern all Discovery Material produced or furnished, directly or indirectly, by or on behalf of any party or third party (hereinafter the "Producing Party" or "Disclosing Party") in connection with the Litigation in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, answers to deposition questions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure that the Disclosing Party designates as Confidential or Highly Confidential.  As used herein, "Receiving Party" shall refer to the parties to this action and to third parties that receive Discovery Material from

a Producing Party.

2.    **Use of Discovery Material:**  Discovery Material and information derived therefrom shall be used solely for purposes of the Litigation, including any appeal and retrial, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation.  Any person or entity in possession of Discovery Material designated Confidential or Highly Confidential (defined below) shall maintain those materials in accordance with the provisions of this Protective Order.

3.    Any Producing Party may designate any of its Discovery Material as "Confidential" or "Highly Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains information that comes within the definition of "Confidential Discovery Material" or "Highly Confidential Discovery Material" and requires the protections provided in this Order.

4.    The parties agree to accept productions from legacy production sets as they were previously maintained.  However, the Producing Party must ensure that such productions comply with the parties' Order Regarding E-Discovery and this Protective Order (including provisions governing confidentiality designation), and must Bates label such productions consistently with its other productions in the present Litigation.  The parties also agree that re-reproduction from legacy production sets does not relieve a party of its obligation to ensure that it produces relevant, non-privileged and non-work product protected documents responsive to the other party's document requests, consistent with its discovery obligations.

5.    **Confidential Discovery Material:**  For purposes of this Order, "Confidential Discovery Material" is any information that a party or third party believes in good faith to be confidential or sensitive information, including but not limited to trade secrets, research, design, development, financial, technical,

marketing, planning, personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G).

6.     **Highly Confidential Discovery Material:**  For purposes of this Order, "Highly Confidential Discovery Material" is any Confidential Discovery Material as defined in paragraph 5 that also includes (a) "source code" as defined in paragraph 14 or (b) extremely sensitive, highly confidential, non-public information consisting of (i) trade secrets or (ii) highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and potential strategic transactions), the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party.

7.     **Designating Confidential Discovery Material or Highly Confidential Discovery Material:**  The designation of Discovery Material as "Confidential" or "Highly Confidential" for purposes of this Order shall be made in the following manner:

a.     **Documents:**  In the case of documents or other materials amenable to production in paper or TIFF page format (apart from deposition or other pre-trial testimony), the designation shall be made by affixing the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to each page containing any Confidential or Highly Confidential Discovery Material, respectively.

b.     **Depositions and Other Pre-Trial Proceedings:**  In the case of a deposition or other pre-trial proceeding, the designation of the portions of such proceeding (including exhibits) that contain Confidential or Highly Confidential Discovery Material shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received,

or (ii) by written notice served on counsel of record in this Litigation and the court reporting service within fourteen (14) calendar days after the receipt of the official transcript (*i.e.*, not rough, LiveNote, or similar versions) of such proceeding.  Prior to the expiration of such fourteen-day period, all testimony, exhibits, and transcript of such proceeding shall be treated as Highly Confidential Discovery Material.  All portions of transcripts not designated as Confidential or Highly Confidential Discovery Material as provided herein shall be deemed not confidential.  If the Receiving Party intends for a person who does not fall under any of the subparts of paragraphs 9 or 10 to be shown Confidential or Highly Confidential material at a deposition, the Receiving Party must first seek the permission of the Producing Party. If the Producing Party does not consent, the Receiving Party may seek relief from the Court.

c.     **Non-Document Media:**  In the case of materials that are not amenable to production in paper or TIFF page format (*e.g.*, video files, audio files, native-production electronic files, etc.), any Confidential or Highly Confidential Discovery Material may be designated by naming or labeling the medium used to produce the materials (*e.g.*, CD, DVD, zip file, etc.) as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," respectively. In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated materials, the Receiving Party must stamp each page with the corresponding "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation, and the hard copy transcription or printout shall be treated as it is designated.

d.  **Financial Documents**:  For mutual convenience, the parties may generate certain relevant financial summaries that contain sales and price information for purposes of the Litigation.  The parties may also produce documents containing relevant financial information, including sales and price data.  To the extent the parties produce such financial summaries and financial documents that contain sales and price information (collectively, "Financial Documents") in electronic form, the parties shall ensure that all such electronic copies are maintained on password-protected, encrypted media.  All Financial Documents shall be designated "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."  To the extent that any Financial Documents are transmitted in electronic form from or to authorized recipients outside of the office of the Receiving Party's outside counsel, they shall be encrypted using a passphrase of at least 20 characters in length and at least 128-bit Advanced Encryption Standard (AES) cipher option, and the transmission shall be by hand, by a secure transport carrier (*e.g.*, Federal Express), or by secure electronic means (*e.g.*, e-mail sent directly to the intended authorized recipient).

e.  **Inadvertent Failure to Designate:**  The inadvertent failure to designate Discovery Material as Confidential  Discovery Material or Highly Confidential Discovery Material does not constitute a waiver of such claim and may be remedied by prompt written notice of the appropriate designation upon discovery of the inadvertent failure to designate—combined with prompt reproduction of the Discovery Materials in question with the appropriate confidentiality designation—with the effect that such Discovery Material will be subject to the applicable protections of this Order.  The Receiving Party shall exercise best efforts to ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained

such Discovery Material directly or indirectly from the Receiving Party, include the appropriate confidentiality legend designated by the Producing Party.

8.     Every person given access to Confidential Discovery Material, Highly Confidential Discovery Material, or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be used or disclosed other than pursuant to the terms thereof.

9.     **Persons With Access to Confidential Discovery Material:** Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a.     Outside counsel of record in this Litigation and paralegal assistants, technical, administrative, and clerical employees working under the direct supervision of such attorneys;

b.     Subject to paragraph 11 hereof, experts or consultants who are assisting outside counsel of record in this Litigation and who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

c.     One in-house counsel of each party to the Litigation—specifically Christopher Parry at Broadcom and Ethan Andelman at NXP—provided that such counsel have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

d.     The Court and persons employed by the Court;

e.     Court reporters employed by the Court or by the parties to transcribe testimony (in deposition or in court) or any other proceedings in this Litigation;

f.      Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits, provided such services have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

g.      Persons employed by jury or trial consulting services, as well as any mock jurors, provided such persons have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

h.      Commercial copy vendors retained by counsel for purposes of this Litigation, provided such vendors have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

i.      Any person indicated by a document to be an author, addressee, or copy recipient of the document, or as to whom there has been testimony, whether at deposition or trial or by declaration or affidavit, that the person was the author or recipient of the document; and

j.      Any other person, only upon order of the Court or upon stipulation of the Producing Party and who has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.

10.   **Persons With Access to Highly Confidential Discovery Material:** Except as specifically provided for in this or subsequent Court orders, Highly Confidential Discovery Material or its contents shall not be disclosed, summarized, described, or otherwise communicated or made available in whole or in part to any person or entity, directly or indirectly, other than the following:

a.  Outside counsel of record in this Litigation and paralegal assistants, technical, administrative, and clerical employees working under the direct supervision of such attorneys;

b.  Subject to paragraph 11 hereof, experts or consultants who are assisting outside counsel of record in this Litigation and who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

c.  The Court and persons employed by the Court;

d.  Court reporters employed by the Court or by the parties to transcribe testimony (in deposition or in court) or any other proceedings in this Litigation;

e.  Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits, provided such services have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

f.  Persons employed by jury or trial consulting services, as well as any mock jurors, provided such persons have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

g.  Commercial copy vendors retained by counsel for purposes of this Litigation, provided such vendors have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

h.  Any person indicated by a document to be an author, addressee, or copy recipient of the document, or as to whom there has been testimony, whether at deposition or trial or by declaration or affidavit, that the person was the author or recipient of the document; and

i.      Any other person, only upon order of the Court or upon stipulation of the Producing Party, and who has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.

11.    **Qualification of Outside Experts and Consultants:**  Notwithstanding paragraphs 9(b) and 10(b), Confidential Discovery Material or Highly Confidential Discovery Material may be provided to experts or consultants only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel for a party in this Litigation.  Such Confidential Discovery Material or Highly Confidential Discovery Material shall not be disclosed to any such expert or consultant until after a period of seven (7) calendar days after service on all parties by electronic mail of identifying information for the expert or consultant, including his/her name, address, and job title, the name and address of his/her employer and a current *curriculum vitae* including a list of all companies for which such person has consulted during the last three (3) years.  The party receiving notice of such expert or consultant and service of such identifying information shall have seven (7) calendar days from the date of such notice to object in writing to the provision of Confidential Discovery Material or Highly Confidential Discovery Material to the outside expert or consultant.  Unless the parties otherwise resolve the objection, the objecting party shall have an additional ten calendar days from the date of service of the objection regarding the expert to file an appropriate motion to preclude the employment of the expert or consultant and/or disclosures of Confidential Discovery Material or Highly Confidential Discovery Material to him or her, and no Confidential Discovery Material or Highly Confidential Discovery Material that is the subject of the objection will be disclosed until the motion is decided.  The times to respond as set out in this subparagraph shall not begin to run unless the identifying information served regarding the expert

complies with the requirements set out herein.

12.     Each person to whom Confidential or Highly Confidential Discovery Material may be disclosed that is also required to sign the "Agreement Concerning Information Covered by Protective Order" (attached hereto as Exhibit A) shall do so prior to the time such Material is disclosed to him or her.  Copies of any executed undertakings shall be disclosed to counsel for the Producing Party upon agreement of the parties or further order of the Court.

13.     **Exclusion of Individuals From Depositions:**  Counsel for any Disclosing Party shall have the right to exclude from depositions any person who is not authorized by this Order to receive documents or information designated Confidential or Highly Confidential ("Non-Authorized Person"). Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising information that is Confidential or Highly Confidential.  If the Receiving Party and the Disclosing Party cannot reach an agreement as to whether a Non-Authorized Person may attend a deposition, the party seeking to allow such person's attendance may seek appropriate relief from the Court.

## DISCOVERY MATERIAL DESIGNATED AS HIGHLY CONFIDENTIAL SOURCE CODE - SUBJECT TO PROTECTIVE ORDER

14.     **Source Code:** As used herein, "Source Code" refers to source code and similarly sensitive code and schematics, and shall include, without limitation: schematics; masks; layouts; computer code; scripts; assembly; object code; source-code listings and descriptions of source code; accompanying documentation; object-code listings and descriptions of object code; Hardware Description Language (HDL); Register Transfer Level (RTL) files describing any portion of the hardware design of any ASIC or other chip; similarly-sensitive implementation details; files containing text written in "C," "C++," assembler, VHDL, Verilog, and/or digital signal processor (DSP) programming languages; "include" files; "make" files; link

files; and any other human-readable text files used in the generation and/or building of any software that is directly executed on a microprocessor, microcontroller, or DSP.

15.    Source code and documents containing source code shall, at the request of the Producing Party, be designated "[PRODUCING PARTY'S NAME] HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER." The protections conferred by paragraphs 15–19 of this Order cover not only Source Code, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.

16.    Unless otherwise ordered by the Court, Source Code designated as "[PRODUCING PARTY'S NAME] HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER" shall be subject to the provisions set forth in paragraphs 15–19 of this Order, and may be disclosed only to the individuals to whom Highly Confidential Discovery Information may be disclosed, as set forth in paragraph 10.

## DISCLOSURE AND REVIEW OF SOURCE CODE

17.    The parties have agreed on the following protocol for the inspection of Source Code that is designated [PRODUCING PARTY'S NAME] HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER:

a.    All Source Code shall be made available to the Receiving Party for inspection at an office of the Producing Party's counsel, the Producing Party's corporate headquarters, or another mutually agreed upon location.

b.    The Source Code shall be available for inspection on at least two stand-alone computers ("Source Code Computers") provided by the Producing Party and running either Mac OS X Snow Leopard or a reasonably current version of the Microsoft Windows operating system.

c.     The Producing Party shall install software that is sufficient for viewing and searching the Source Code produced. The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the Source Code Computer, provided, however, that such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. Specific tools that may be used include, but are not limited to: Visual Slick Edit; Source-Navigator; PowerGrep; and ExamDiff Pro (or other similar programs). The Receiving Party must provide the Producing Party with the web link, CD or DVD containing such licensed software tool(s) at least ten (10) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. The Receiving Party shall not at any time use any compilers, interpreters, or simulators in connection with the Producing Party's Source Code.

d.     To verify that its Source Code has not later been altered, the Producing Party may benchmark the materials before and after they are provided, but shall not install any keystroke or other monitoring software on the Source Code Computer.

e.     The Source Code computer(s) shall be made available from 9 a.m. to 5 p.m. (local time), Monday through Friday (excluding holidays), and, if necessary, at other times upon mutual agreement of the Producing Party and Receiving Party.

f.     The Receiving Party's counsel shall provide to outside counsel for the Producing Party the names of any individual who will require access to the secure facility at least three (3) business days before being granted access to the secure facility for the first time.  Individuals who have been

previously identified according to this paragraph may access the secure facility, consistent with the normal practice at the facility, without further approval, although the Producing Party shall be informed each time such person accesses the secured facility.

g.      Proper identification of all authorized persons shall be provided prior to any access to the secure room or the Source Code computer(s). Proper forms of proper identification  include, for example, a photo identification card sanctioned by the government of any State or the District of Columbia in the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Absent such identification, access to the secure room or the Source Code computer(s) will be denied. All persons entering and leaving the secure room are required to sign a Source Code Access Log, providing the date and time.

h.      The Source Code computer(s) shall be equipped with a high-speed laser printer (with commercially reasonable printing speeds) to print copies of the Source Code. Any printed copies of the Source Code shall include the line numbers and file path and name in the header. The Receiving Party may print limited portions of the Source only when reasonably necessary to facilitate the Receiving Party's preparation of filings with the Court, expert reports, and hearing exhibits, and shall print only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code computer(s), as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Source Code for review and analysis elsewhere. If the Producing Party objects that

the printed portions are excessive and/or not done for a permitted purpose, the Producing Party shall make such objection known to the Receiving Party within five (5) days. Printed portions which exceed 50 continuous pages or 1000 total pages shall be rebuttably presumed excessive and not done for a permitted purpose. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek the Court's resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.

i.      Outside counsel for the Producing Party will keep the originals of the printed Source Code documents, and copies shall be made for outside counsel for the Receiving Party within 24 hours. The Producing Party shall Bates number, copy, and label "[PRODUCING PARTY'S NAME] HIGHLY CONFIDENTIAL – SOURCE CODE – SUBJECT TO PROTECTIVE ORDER" on any pages printed by the Receiving Party.  The Receiving Party shall only make additional copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.

j.      In addition to other reasonable steps to maintain the security and confidentiality of the Producing Party's Source Code, when not in use, printed copies of the Source Code maintained by the Receiving Party must be kept in a secure location in a locked storage container to which only persons identified in paragraph 16 have access. No electronic copies of the Source

Code shall be provided by the Producing Party beyond the Source Code Computer.

k.     Counsel shall use the following procedure in meeting and conferring regarding the use of Source Code in filings: If a Receiving Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, that Receiving Party shall make that request to the Producing Party in writing. As soon as practicable thereafter, but in no event later than three (3) business days following that request, the Producing and Receiving parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code. They will cooperate with one another in good faith to ensure that the Court is provided with sufficient evidence to create an adequate administrative record with regard to any filings by the Receiving Party in which the Receiving Party believes it is necessary to submit Source Code. Those parties further agree (1) to use no more Source Code in such filings than is reasonably necessary to accomplish the purpose for which such Source Code is being relied upon and (2) that if Source Code to be cited in such filings exceeds ten (10) lines of code, then the Source Code must be attached in an exhibit rather than embedded in the body of the filing. The electronic copies of the Source Code shall be included on the log required by paragraph 17(g) and any other information required by paragraph 17(g) shall be included on the log. This Order does not require the Receiving Party to log (1) the names of court personnel who might receive the Source Code filed under seal, or (2) the names of the outside counsel or other authorized individuals for other Receiving Parties who can review the Source Code filed under seal. For the avoidance of doubt, the Receiving Party must log the names of its own outside counsel or other authorized individuals who can review the Source Code filed under seal. Additionally,

any such electronic copies must be labeled "[PRODUCING PARTY'S NAME] HIGHLY CONFIDENTIAL – SOURCE CODE OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" as provided for in this Order.

l.      Copies of Source Code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall be securely destroyed in a timely manner following the deposition.

m.      Other than the Source Code Computers and printer provided by the Producing Party, no electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware shall be permitted in the secure room. Nor shall any cellular telephones, personal digital assistants, Blackberries, cameras, voice recorders, Dictaphones, telephone jacks, or other devices be permitted inside the secure room. No non-electronic devices capable of similar functionality shall be permitted in the secure room. The person(s) conducting the Source Code review for the Receiving Party shall be permitted to take notes relating to the Source Code but any notes may not be made electronically onto the Source Code Computers or any other computer. In addition, all such notes will be taken on bound (spiral or other type of permanently bound) paper notebooks. No loose paper or other paper that can be used in a printer may be brought into the secure room. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. The Producing Party may physically (visually), but not otherwise, monitor the activities of the Receiving Party's representatives during any Source Code review, but only to

ensure that no unauthorized electronic records of the Source Code are being created or transmitted in any way.

n.     Other than as provided in this Order, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer(s) including, without limitation copying, removing, or transferring the Source Code onto any recordable media or recordable device, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind. The person(s) reviewing Source Code for the Receiving Party will not transmit any Source Code in any way from the location where the Source Code review is conducted.

o.     Access to and review of the Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in this action.  No person shall review or analyze any Source Code for purposes unrelated to this action, nor may any person use any knowledge gained as a result of reviewing Source Code in this action in any other pending or future dispute, proceeding, patent prosecution, or litigation.

18.     **Prosecution Bar Materials**:

a.     Any Confidential Material or Highly Confidential Material obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of preparation and litigation of this matter. Confidential and Highly Confidential Material can only be used for this litigation in accordance with the protections and safeguards set out herein, must be kept in confidence as herein provided, and cannot be used for non-litigation purposes, including prosecution of patents or offering strategic advice concerning patent prosecution.

b.      Any person who receives access to Confidential or Highly Confidential technical product design or product development documents, including product source code or schematics ("Prosecution Bar Materials") shall not be substantively involved in the prosecution of patent applications on behalf of the Receiving Party relating to the products (including accused and/or embodying products, as the case may be) or technologies at issue in this action until two (2) years after the final disposition of this case, including all appeals, absent the express written consent of the Disclosing Party (including, for example, written consent to terminate this prosecution bar prior to two (2) years after final disposition of this case).

c.      A person  is "substantively involved" in the prosecution of patent applications if that person writes, prosecutes, reviews, provides input, or has the responsibility for directly overseeing the drafting of such patent applications. Notwithstanding the foregoing, recipients of Prosecution Bar Materials may communicate with prosecution counsel for the purpose of transmitting non-Prosecution Bar Materials for potential disclosure to the Patent Office that are not marked as Confidential or Highly Confidential, such as prior art that has been published.

19.      **Storage and Copies of Confidential Discovery Material or Highly Confidential Discovery Material:**  The recipient of any Confidential Discovery Material or Highly Confidential Discovery Material that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information; provided, however, that Broadcom's and NXP's designated in-house litigation counsel shall maintain any Confidential Discovery Material  provided pursuant to this Protective Order in a

locked file cabinet in a segregated file or in the offline electronic equivalent that prevents access by any other personnel of the Receiving Party. Confidential Discovery Material or Highly Confidential Discovery Material shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summaries and abstractions shall be subject to the terms of this Protective Order, and labeled in the same manner as the designated material on which they are based.

20. Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Discovery Material or Highly Confidential Discovery Material. The parties shall comply with Local Rule 79-5 when seeking to file Confidential Discovery Material or Highly Confidential Discovery Material under seal.

21. Agreeing to be bound by this Protective Order, agreeing to and/or producing or receiving Confidential Discovery Material or Highly Confidential Discovery Material or otherwise complying with the terms of this Order *shall not*:

a. Operate as an admission by any party that any particular Confidential Discovery Material or Highly Confidential Discovery Material contains or reflects business opportunities, affiliations or projections, or any other type of confidential information;

b. Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material or Highly Confidential Discovery Material;

c.      Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

d.      Prejudice in any way the rights of a party to seek a determination by the Court whether any Confidential Discovery Material or Highly Confidential Discovery Material should be subject to the terms of this Order;

e.      Prejudice in any way the rights of a party to petition the Court for a protective order relating to any purportedly confidential information; or

f.      Prevent a Disclosing Party to authorize disclosure of its own Confidential Discovery Material or Highly Confidential Discovery Material to any party.

22.     **Use of Party's Own Information Allowed:**  This Order has no effect on, and shall not apply to, a Producing Party's use or disclosure of its own Confidential Discovery Material or Highly Confidential Discovery Material for any purpose whatever.

23.     **Challenging Designation of Materials:**  A party shall not be obligated to challenge the propriety of a Confidential Discovery Material or Highly Confidential Discovery Material designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation.  In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party may provide to the Disclosing Party written notice of its disagreement with the designation.  The parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court.  The burden of proving that information has been properly designated as Confidential Discovery Material or Highly Confidential Discovery Material is on

the party making such designation.  Any challenged designation remains in force until the propriety of such designation has been determined, either by agreement of the parties or by order of the Court as outlined above.

24.    **No Application to Public or Otherwise Available Information:** This Order shall not limit or restrict a Receiving Party's use of information that the Receiving Party can demonstrate: (i) was lawfully in the Receiving Party's possession prior to such information being designated as protected material in the Litigation and that the Receiving Party is not otherwise obligated to treat as confidential; (ii) was obtained without any benefit or use of protected material from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; (iii) was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's protected material; or (iv) has been published to the general public.

25.    If the Receiving Party believes that the Disclosing Party has designated information that is covered by any of the preceding categories as Confidential Discovery Material or Highly Confidential Discovery Material, the Receiving Party shall challenge the propriety of such designation using the procedure outlined in paragraph 23 above.  Any challenged designation remains in force until the propriety of such designation has been decided as outlined above.

26.    **Modification**:  It is the present intention of the parties that the provisions of this Order shall govern discovery in the Litigation.  The parties hereto agree to be bound by the terms of this Order pending the entry of this Order, or an alternative thereto which is satisfactory to all parties, by the Court, and any violation of the terms of this Order shall subject the offender to the same sanctions and penalties as if this Order had been entered by the Court.  Nonetheless, the parties hereto shall be entitled to seek modification, or expansion of this Order by

-22-

application to the Court and on notice to all parties and third parties that have designated information pursuant to this Order.  Nothing in this Order shall be deemed to limit, prejudice, or waive any right of any party or person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for Discovery Material claimed to be protected work product or privileged, or Discovery Material as to which the Producing Party claims a legal obligation not to disclose; or (b) to seek to modify or obtain relief from any aspect of this Order.

27.     **No Waiver of Privilege and Return of Privileged Materials:**  If information subject to a claim of attorney-client privilege, attorney work product, business strategy privilege, or any other ground on which production of such information may not be made to any party is inadvertently produced to such party(ies), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, business strategy or other ground for withholding production to which the Producing Party would otherwise be entitled.  If a claim of inadvertent production is made, pursuant to this paragraph, with respect to information then in the custody of another party, the Receiving Party shall, within five (5) business days of the claim being made, (i) return to the claiming party or person that material as to which the claim of inadvertent production has been made and (ii) certify that all copies of the document have been destroyed, including all copies and any portions of notes, papers, summaries, or other instruments that comprise, embody, summarize, discuss or quote from documents or things for which claim of inadvertent production is asserted.

28.     The Receiving Party shall not use such information for any purpose until further order of the Court.  The party returning such material may then move the Court for an order compelling production of the material within ten (10)

business days of the claim being made by the Producing Party, but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production. The return of any such material shall not be delayed or refused for any reason, including but not limited to a party's objection to a claim of inadvertent production, or by the filing of a motion to compel, nor may a party assert the fact of the inadvertent production as a ground for retaining possession of the material until resolution the parties' dispute.  Upon the filing of an appropriate motion with the Court for an *in camera* determination of a privilege claim (following a meet-and-confer consistent with the Local Rules of the Court), the Producing Party shall submit to the Court, on an *in camera* basis, the documents for which *in camera* review is being sought within two business days of being served with such a motion.

29.  **Additional Parties or Attorneys:**  In the event additional parties join or intervene in this action, the newly joined party(ies) shall not have access to Confidential Discovery Material or Highly Discovery Material until its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Order.  If any additional attorneys make appearances in this Litigation, those attorneys shall not have access to Confidential Discovery Material or Highly Confidential Discovery Material until they execute a written agreement to be bound by this Order.

30.  **Third Parties:**  This Order applies to all Discovery Material produced in this Litigation, whether produced before or after the entry of this Order and whether produced by a party or third party.  Third parties who produce Discovery Material pursuant to this Order shall have the benefit of this Order, and shall be entitled to enforce its terms.  Third parties who produce Discovery Material pursuant to this Order shall also have the option of designating limited business and technical documents as "Outside Attorneys' Eyes Only".  Third party witnesses

may avail themselves of the procedures and protections in this Order.

31.     Except as specifically provided herein, the terms, conditions, and limitations of this Protective Order shall survive the termination of this action.  This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice.  The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

32.     This Protective Order is without prejudice to the right of any party to seek other or further relief from the Court.

33.     This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable laws.

34.     **Conclusion of Litigation:**  Within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation, all persons having received Confidential Discovery Material or Highly Confidential Discovery Material shall either return such material and all copies thereof to counsel for the Producing Party, or destroy all such Confidential Discovery Material or Highly Confidential Discovery Material and, in either case, certify that fact to counsel for the Producing Party. Outside counsel of record for the parties shall be entitled to retain court papers, depositions, trial transcripts and attorney work product, *provided* that such outside counsel of record shall not disclose Confidential Discovery Material or Highly Confidential Discovery Material to any person except pursuant to a court order or agreement with the party that produced the Confidential Discovery Material or Highly Confidential  Material.

All material returned to the parties or their counsel by the Court shall likewise be disposed of in accordance with this paragraph.

35.     In the event that any Confidential or Highly Confidential information is used in any court proceeding in this Litigation or any appeal therefrom, such Confidential or Highly Confidential information shall not lose its status as Confidential or Highly Confidential through such use.  Counsel shall comply with all applicable local rules and shall confer on such procedures that are necessary to protect the confidentially of any documents, information and transcripts used in the course of any court proceedings, including petitioning the Court to close the court room.

36.     **Protected Material Subpoenaed or Ordered Produced in Other Actions:**  If any person receiving documents covered by this Order (the "Receiver") is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks Discovery Material that was produced or designated as Confidential by someone other than the Receiver, the Receiver shall give prompt written notice by hand, e-mail, or facsimile transmission within five (5) business days of receipt of such Demand to the person, party, or third party who produced or designated the material as Confidential and shall object to the production of such Confidential Discovery Material or Highly Confidential Discovery Material on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the party who produced or designated the Confidential Discovery Material. Unless the person, party, or third party who produced or designated the Confidential Discovery Material obtains an order directing that the Demand not be complied with, and serves such order upon the Receiver prior to production pursuant to the Demand, the Receiver shall be permitted to produce documents responsive to the Demand on the Demand response

date. Compliance by the Receiver with any order directing production pursuant to the Demand of any Confidential Discovery Material or Highly Confidential Discovery Material shall not constitute a violation of this Order.

37.  **Advice Based On Discovery Material Allowed:**  Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on the examination of Confidential Discovery Material or Highly Confidential Discovery Material; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose the contents of any Confidential Discovery Material or Highly Confidential Discovery Material produced by another party if that disclosure would be contrary to the terms of this Protective Order.

38.  **No Effect On Other Legal Obligations:**  This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential Discovery Material or Highly Confidential Discovery Material.  The fact that information is designated Confidential Discovery Material or Highly Confidential Discovery Material under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.

39.  **Redaction Allowed:**  Any Producing Party may redact from the documents and things it produced matter that the Producing Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity.  The Producing Party shall mark each thing where matter has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice.  Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. The Producing Party shall preserve an unredacted version of each such document.

This provision shall not affect any obligation to provide a log of information redacted or otherwise withheld on the basis of attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity.

40.     **Violations of Protective Order:**  In the event that any person or party should violate the terms of this Protective Order, the aggrieved Producing Party should apply to the Court obtain relief against any such person or party violating or threatening to violate any of the terms of this Protective Order.  In the event that the aggrieved Producing Party seeks injunctive relief, it must petition the District Judge for such relief, which may be granted at the sole discretion of the District Judge. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

41.     The parties may petition the Court for modifications of this Protective Order.

42.     **Headings:**  The headings herein are provided only for the convenience of the parties, and are not intended to define or limit the scope of the express terms of this Protective Order.

IT IS SO ORDERED.

Dated: October 7, 2013

_____
Honorable Mariana R. Pfaelzer

-28-

# **EXHIBIT A**

## **AGREEMENT CONCERNING INFORMATION**
## **COVERED BY PROTECTIVE ORDER**

I, _____, hereby acknowledge that I have received a copy of the Protective Order entered in this action (Case No. 8:13-cv-00829-MRP-MAN) by the United States District Court for the Central District of California (hereinafter, "the Protective Order").

I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

If I receive documents or information designated as Confidential Discovery Material or Highly Confidential Discovery Material, (as those terms are defined in the Protective Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.

I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order.

I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for resolution of any matters pertaining to the Protective Order.

My address is_____

_____

_____

My present employer is_____

Dated: _____    Signed:_____

[PROPOSED] PROTECTIVE ORDER
Case No. 8:13-cv-00829-MRP-MAN